171 So. 632

## BREEDEN v. CUDAHY PACKING CO.

### 2 Div. 83.

Supreme Court of Alabama.

Nov. 19, 1936.

Rehearing Denied Jan. 14, 1937.

T. G. Gayle, of Selma, for appellant.

Pitts & Pitts, of Selma, for appellee.

BROWN, Justice.

The trial was on counts 7 and 8 of the complaint as last amended, and defendant's plea of the general issue, pleaded in short by consent, with leave to give in evidence any matter of defense as if specially pleaded.

The negligence charged in the two counts is, that "the agent, servant or employee of the defendant, while acting within the line and scope of his employment, did negligently leave parked or stopped a truck, at a point about three and a half miles from Selma, Alabama, on the Selma-Marion Junction Highway, a public highway in Dallas County, Alabama, during the period from a half hour after sunset to a half hour before sunrise, upon which there was not displayed one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of 500 feet to the front of such truck, and as.

a proximate result of the stopping and leaving of said truck as aforesaid, the plaintiff while approaching from the opposite direction in which said truck had been traveling, ran into, upon or against the front part of said truck receiving the following injuries," etc.

At the conclusion of the evidence, the court, at the instance of the defendant, directed a verdict for the defendant by giving the affirmative charge, requested in writing, as to the case as a whole and as to each of said counts.

It appears without dispute in the evidence, that, on September 13, 1935, while the defendant's truck, in charge of its servant or agent acting within the scope of his employment, was proceeding east along the highway towards Selma, and within about one and a half miles of the city limits, it collided with a cow on the highway, and was parked or stopped from twenty-five to a hundred feet beyond the point of collision with said animal on the north side of the highway. The reason given by the driver for crossing the highway and parking on the left side was, that in consequence of the collision with the animal the right fender on the truck was so crushed or bent down against the right front wheel that the truck could not be turned to the right. Still his testimony is to the effect that after he had turned the car to the left and crossed the highway he straightened it up so as to leave it directly parallel with the highway so that the right front and back wheels rested about 18 inches on the pavement, with the headlights casting their rays along the highway in front of the truck; that the tail-light was burning. The defendant offered other evidence corroborating this testimony.

The plaintiff offered evidence on the other hand which goes to show that the truck was parked diagonally across the south lane of the highway, at about 45°, so that the left front wheel was on the shoulder, the right front wheel on the pavement, and both hind wheels in the south lane, with the rear of the body extending to near the middle line of the highway; that the rays of the headlights were cast across the adjoining field; that the left headlight was cocked up so as to cast its rays upward.

The photographs offered in evidence tend to corroborate the defendant's evidence as to the position of the truck.

The impact of plaintiff's automobile was on the right front wheel, and its effect was to break or bend the axle at the left wheel so that said left wheel was on its side after plaintiff ran into the truck.

In the light of the whole of this evidence and the conflicts therein, the contention of appellee that there is an absence of evidence going to prove the averments of the complaint cannot be sustained.

The predicate for appellee's further contention, that the plaintiff was as a matter of law guilty of negligence which proximately contributed to his injury, is that the truck was stopped or parked parallel with the highway so that its head-lights cast their rays along the highway—a fact about which the evidence is in conflict—and ignores the tendency of some of the evidence going to show that the lights on the truck were dim.

It is our judgment that the evidence presented a case for the "gentlemen of the jury," and that in giving the affirmative charge, the court invaded the province of the jury.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.